FILED

'09 NOV -4 PM 12: 32

DAVID R. SHAUB (Bar No. 032322)
LISBETH BOSSHART (Bar No. 201822)
SHAUB & WILLIAMS LLP
12121 Wilshire Boulevard, Suite 205
Los Angeles, CA 90025-1165
Tel: (310) 826-6678
Fax: (310) 826-8042
Email: lawfirm@sw-law.com

DAVID G. ROSENBAUM (to be admitted *pro hac vice*)
ROSENAUM & SILVERT, P.C.
650 Dundee Road, Suite 380
Northbrook, IL 60062
Tel: (847) 770-6000
Fax: (847) 770-6006
Email: drosenbaum@rosenbaumsilvert.com

Attorneys for Plaintiffs
LG HOME PRODUCTS, LLC and LEWIS GREEN

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CV 09 5226  JL

| | |
|---|---|
| LG HOME PRODUCTS, LLC, a Florida limited liability company, LEWIS GREEN, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>TOWNSEND AND TOWNSEND AND CREW LLP, a California limited liability partnership, STEVEN C. PETERSEN, an individual, DAVID A. HALL, an individual,<br><br>Defendants. | CASE NO.<br><br>COMPLAINT FOR DAMAGES FOR MALPRACTICE<br><br>[DEMAND FOR JURY TRIAL] |

Plaintiffs Lewis Green and LG Home Products, LLC ("Plaintiffs") hereby complain and allege as follows:

## THE PARTIES

1. Plaintiff LEWIS GREEN is, and at all times relevant hereto was, a managing

-1-
**COMPLAINT**

member of LG Home Products and a resident of Florida

2. Plaintiff LG HOME PRODUCTS, LLC is a limited liability company duly organized and existing under the laws of the state of Florida, with its principal place of business in Miami Beach, Florida.

3. Defendant TOWNSEND AND TOWNSEND AND CREW LLP ("Townsend") is a limited liability partnership duly organized and existing under the law of the state of California, with its principal place of business in San Francisco, California.

4. Plaintiffs are informed and belief that defendant STEVEN C. PETERSEN is an individual residing in California.

5. At all times herein mentioned defendant Steven C. Petersen was the agent and employee of defendant Townsend and in doing the things herein alleged was acting within the scope of such agency.

6. At all times herein mentioned defendant Steven C. Petersen was licensed to engage in the practice of law in the State of California and was practicing law in California

7. Defendant DAVID A. HALL is an individual residing in California.

8. At all times herein mentioned defendant David A. Hall was the agent and employee of defendant Townsend and in doing the things herein alleged was acting within the scope of such agency.

9. At all times herein mentioned defendant David A. Hall was licensed to engage in the practice of law in the State of California and was practicing law in California.

### JURISDICTION AND VENUE

10. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 as well as pendent jurisdiction over any state law claims asserted herein pursuant to 28 U.S.C. § 1367(a).

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because defendant has offices in this district and has committed acts of malpractice and breach of contract in this district.

## CAUSE OF ACTION

### (Malpractice)

12. On or about July 2005, Plaintiffs engaged Defendants to conduct a prior art search and potentially file a provisional patent application on his behalf. At such time and place Defendants accepted such engagement and agreed to perform such services for Plaintiffs.

13. As a result of the prior art search and Defendants' recommendations, Plaintiffs agreed to have Defendants prepare and file a U.S. Provisional Patent Application, Serial No. 60/724,001 entitled A SOUND PRIVACY MACHINE AND METHODS OF USE THEREOF filed on October 5, 2005.

14. In reliance upon the prior art search conducted by Defendants and corresponding legal advice provided, Plaintiffs expended considerable efforts and funds on this project, including patent filing fees, legal fees to Defendants, expenses in China for research and establishment of the manufacturing of the product to be covered by the patent, expenses for prototypes to facilitate sales of the product to be patented, legal fees to obtain funding for the project, production costs for commercials, fees for FCC approval of the product, deferred salary and other costs and expenses associated with development and marketing of the product.

15. In approximately June 2006, Steven C. Petersen, the attorney originally handling the matter left Townsend and the matter was given to David A. Hall. Pursuant to his advice, further applications under the Patent Cooperation Treaty (PCT), US Patent Application No. 11/539,032 and Design Patent Applications 29/250,785 and 29/250,793 were filed on October 5, 2006 and November 30, 2006, and as well as International patent Application No. PCT/US2006/039339. Defendants also represented Lewis Green in assigning his patent rights to LG Home Products who then became your client.

16. On or about September 25, 2008, Defendants sent a letter to Plaintiffs containing an Office Action from the USPTO dated September 5, 2008 rejecting the majority of the claims of US Patent Application No. 11/539,032. The basis of such rejection was prior art US Patent No. 5,465,422 issued to Mark Dean on November 7, 1995 ('442 Patent). As revealed by the

USPTO's Office Action, the Dean '422 reference is so highly relevant to Plaintiffs' concept that it renders the patent claims covering Plaintiffs' original concept unpatentable. Having been issued nearly ten years prior to the filing date of Mr. Green's patent application, the Dean '422 reference should have been found by a reasonable and competent patent search.

17. Defendants have failed to exercise reasonable care and skill on undertaking to competently perform its duties in conducting a search for prior art and negligently and carelessly failed to identify the '442 Patent. Any competent patent attorney acting with the minimum standard of care would have both located such invention and identified it as prior art anticipating Plaintiffs' invention.

18. Had the Defendants exercise proper care and skill in the forgoing matter and identified the Dean '422 Patent during the patent search, Plaintiffs would have abandoned said project and focused their time and resources on other available projects.

As a proximate result of such negligence Plaintiffs' expenditures and losses in this project total over $500,000 of actual damages, plus interest and lost opportunity costs of at least $250,000 for projects which Plaintiffs were unable to devote resources, all of which would not have occurred but for Defendants' failure to act within the ordinary care required of it.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. Compensatory damages in excess of $750,000;
2. Interest on this sum at the maximum rate allowed by law;
3. For reasonable attorney's fees according to proof;
4. For costs of the suit incurred herein; and
5. For such other and further relief as the Court may deem just and proper.

-4-
**COMPLAINT**

DATED: November 4, 2009                    SHAUB & WILLIAMS LLP

By: _____
Lisbeth Bosshart
Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiffs LG HOME PRODUCTS, LLC and LEWIS GREEN hereby demand a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

DATED: November 4, 2009         SHAUB & WILLIAMS LLP

By: _____
Lisbeth Bosshart
Attorneys for Plaintiffs

-6-
**COMPLAINT**